## GIST OF AN ACTION FOR RECOVERY OF SECRET PROFITS FROM A PROMOTER.

Common Pleas Court of Ashland County.

THE MARBLEHEAD BANK COMPANY v. S. A. RARIDON.

Decided, January Term, 1915.

*Corporations—Action Against a Promoter for Recovery of Secret Profits—Not Based on Fraud, but Breach of Duty, and is Barred by the Statute of Limitations.*

1. Where a promoter of a bank, in the purchase and sale of furniture and fixtures to the corporation promoted, fails to reveal the secret profits made by him in such transaction, the cause of the action

accrues on the date of the consummation of the sale to the corporation, and is barred in four years under the provisions of Section 11224, General Code.

2. Where, in such case, an action is brought by the corporation against the promoter to recover said secret profits, the ground or gist of the action is not fraud, although fraud be averred in the petition, nor "relief on the ground of fraud" within the meaning of Section 11224, pt. 3, General Code, but the ground or gist of the action in such a case is breach of duty; nor is the statute tolled by the failure to discover the wrong within the said four year period.

3. In such case, the plaintiff corporation will not be permitted to plead the fraudulent issuing of stock to the promoter and the fraudulent taking of credit in the plaintiff bank by such promoter, for the bank is bound to know, through its officers and directors, what stock is issued and what credit given, and therefore the plaintiff bank in such case is estopped to plead ignorance of such issue of stock and such taking of credit in order to toll the statute and preserve its cause of action.

*Mykrantz & Patterson,* for plaintiff.
*C. H. Workman,* for defendant.

WOOD, J.

This cause is submitted on a demurrer of the defendant to the amended petition of the plaintiff.

Plaintiff avers that the defendant and one W. C. Pollock were the promoters of the plaintiff company "the Marblehead Bank Co." and that while so engaged in the promotion of said bank and while the same was under the control and management of defendant, he caused to be issued a credit deposit slip on May 10, 1907, in favor of himself for a checking account, and that at the time of the organization of said bank defendant caused a certificate of stock for ten shares to be issued to himself of the par value of $1,000, without paying for the same, but in satisfaction of the expense of the furniture and fixtures he purchased for the bank, which he fraudulently represented to be of the value of $2,982.32.

Plaintiff also avers that the bank furniture and fixtures so purchased by defendant were not of the value of more than

$1,000, and that it had no knowledge of the fact that the defendant had taken a credit deposit slip of $1,988.32 for expenses, furniture and fixtures until 1910, and had no knowledge of the value of the furniture and fixtures until 1910; that the certificate for the ten shares of stock was issued without their knowledge, and that the same was never paid for; but do not aver when they first had knowledge of the issuing of the stock certificate.

To the amended petition defendant files a demurrer as follows:

"1. Said petition does not state facts sufficient to constitute a cause of action against the defendant.

"2. The cause of action is barred by the statute of limitations, or the action was not brought within the time limited for the commencement of such actions."

Does the amended petition state a case in fraud or relief on the ground of fraud? The cause of action, if any, is a breach of duty on the part of the defendant who was one of the promoters of plaintiff company, to reveal secret profits in the purchase and sale of the furniture and fixtures to plaintiff company.

The liability of promoters for secret profits made by them in transactions between them and a corporation is not based on the theory of fraudulent intent on their part, but grows out of the relation to the corporation and the duty they owe such corporation and persons with whom they are dealing. They are clearly liable, even in the abscene of fraud, in the mere failure to make full disclosures of their position and purposes. Their liability is fixed and the right to recovery established when it is made to appear that such secret profits were obtained by them without the knowledge and consent of the corporation or its members.

The promoter is under an affirmative duty either to disclose his relation to his associates or to forego any benefits which he might derive from his position. He is required to account to the company for all profits actually made in relation to the

business which is being transacted, and it is immaterial whether his actions are fraudulent or not, he would still be required to account to the plaintiff in this case regardless of his intention. *Thompson on Corporations,* Vol. 1, 2d Edition, page 117.

The averments of the amended petition which are taken as true under the demurrer would bind the defendant to the plaintiff for any profits he made in the purchase and sale of said furniture.

Independent of any fraud which may have been practiced by the defendant on the plaintiff we think plaintiff has stated a good cause of action, unless the same is barred by the statute of limitations. The first ground of the demurrer to the petition is therefore overruled.

2. This is an action at law. Independent of any fraud pleaded by plaintiff we think it has stated a cause of action when it avers that defendant was a promoter of said company and charged plaintiff the sum of $2,982.32, for furniture and fixtures, and that the same were not of the value to exceed $1,000.

It is a well settled principle that whatever profits a person standing in a fiduciary capacity, as did the defendant Raridon, received in transactions with his principal, he would be bound to account for the same and an action would lie to recover the amount.

The gist of this action is not "relief on the ground of fraud" but the recovery of secret profits. It may be true that there was fraud in the transaction between plaintiff and defendant, but the court does not consider that the fraud so practiced is the cause of action or the gist of the action which would entitle the plaintiff to relief, but that the plaintiff is entitled to relief eliminating all fraud.

The term most commonly used "action for relief on the ground of fraud" is confined to actions the immediate and primary object of which is to obtain relief from fraud, and does not embrace actions which fall within some other class even though questions of fraud may arise incidentally. The fraud must be

an essential part of the plaintiff's right of action and to such an extent that his cause must fail in the absence of proof of fraud.

In this action we think the plaintiff would be entitled to recovery independent of any fraud practiced by defendant. This action was not brought to rescind a contract induced by fraudulent representations, or to set aside a conveyance on the grounds that it was the result of a scheme to defraud, nor does plaintiff's right to maintain this action depend upon his ability to prove that any actual fraud was committed or contemplated.

"A corporation which has been organized to take property from the promoter at a fraudulent profit, and which in fact does so, has a right of action at law to recover such profits from the promoter, which is barred by the six-year statute of limitations, and is not entitled to rely on the provision of the statute which postpones the running of time in suits for fraud cognizable in equity until discovery of the preparation of the fraud.

"The running of the statute of limitations against a right of action by a corporation to recover fraudulent profits made by its promoters, is not prevented by the fact that they are in control of the corporation so as to prevent anyone from obtaining knowledge of the facts." *Pietsch* v. *Milbrath,* L. R. A., Vol. 68, page 945.

Prior to the amendment of Section 11224 of the General Code of paragraph two an action for the recovery of personal property or for taking, detaining or injuring it was barred in four years, and the fact that the taking was under circumstances constituting a larceny and that defendant concealed his guilt from the plaintiff did not prevent the running of the statute.

"The action in said case is not brought 'for relief on the grounds of fraud' within the meaning of the last clause of Section 15, of the code. The cause of the action is not fraud, but the taking of the property in respect to which as constituting a cause of action the intent is immaterial." *Howk* v. *Minnic,* 19 O. S., 462.

"A fraudulent concealment by which the plaintiff has been delayed will not enlarge the time for bringing an action under the statute of limitations." *Fee* v. *Fee,* 10 O., 470.

If our view of this case is correct that plaintiff's cause of action is not for relief on the ground of fraud, but to recover the secret profits of the promoter, then plaintiff's cause of action would be barred by the statute.

But if the court is mistaken in the conclusion reached and this is an action for relief on the grounds of fraud, how then stands the plaintiff in this action?

This action would be based on the fraudulent issuing of the stock to the defendant, Raridon, and he fraudulently taking credit for the $1,988.32 on the books of said bank. These were facts which the plaintiff was bound to know through its officers and directors, as it was their duty and they were bound to know what stock was issued as well what credits were given the defendant upon their bank books, and there could be no concealment from the directors on the part of the defendant after the stock had been issued and the credits taken for said amount.

To hold otherwise would be saying that the directors were derelict in their duty as officers of plaintiff company, which will not be presumed in the absence of proof to the contrary. We think the plaintiff was bound to know the transactions which appear upon the bank books and they can not plead ignorance of the same at this time in order to toll the statute and preserve their cause of action.

Holding the above views the court is of the opinion that plaintiff's cause of action is barred by the statute of limitations, and that the demurrer of the defendant should be sustained.